IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN S. MILLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | Judge: |
| CORPORATION, d/b/a AMTRAK ) | |
| ) | Trial by Jury Demanded |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JONATHAN S. MILLER, by and through his attorneys, James T. Foley and Ridge & Downes, and for his Complaint against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK (hereinafter AMTRAK), states as follows:

1. Jurisdiction of this Court is invoked under the provision of Title 45 U.S. Code § 56 and Title 28 U.S. Code § 1331.

2. This action arises under and the rights and liabilities of the parties to this cause are governed by the Federal Employers Liability Act, 45 U.S.C. § 51, et seq.

3. At all times herein, the Defendant, AMTRAK, was and is a railroad corporation doing business in the State of Illinois.

4. At all times here in, the Defendant, AMTRAK, was and is a common carrier by railroad, engaged in Interstate Commerce.

5. On September 24, 2015 at or about 8:00 A.M., the Defendant AMTRAK owned, maintained and operated a railroad yard, depot and/or facility commonly known as the 14th Street Yard, located in the City of Chicago, Cook County, Illinois.

6. On September 24, 2015 at or about 8:00 A.M., Plaintiff was a resident and citizen of the City of Dolton, County of Cook, State of Illinois.

7. On September 24, 2015 at or about 8:00 A.M. and at all pertinent times, Plaintiff, as a carman employed by Defendant AMTRAK, was required to maintain, repair and inspect rail cars, including changing brake shoes.

8. On September 24 2015, at or about 8:00 A.M., while employed by Defendant AMTRAK as a carman, and while in the course of his employment with Defendant, Plaintiff was required to inspect, maintain and repair the brakes on a private railcar that Defendant AMTRAK was responsible for maintaining. While in the course of changing the brake shoes on the private car that Defendant was responsible for maintaining and repairing, Plaintiff was caused to be injured when attempting to change the brake shoes on the car.

9. At the time and place alleged, Plaintiff's duties were in furtherance of Interstate Commerce for Defendant AMTRAK.

10. At the time and place alleged, the Defendant, AMTRAK, had a non-delegable duty to provide Plaintiff with a reasonably safe place to work; to provide the Plaintiff with proper, safe and sufficient tools to perform his work duties and tasks; to provide the Plaintiff with proper and sufficient training to do his job; and, to keep such place of work in a reasonably safe condition.

11. In violation of its' duty, Defendant AMTRAK negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

2

(a). Failed to adapt, install, implement and enforce a safe method and procedure for the described operation;

(b). Failed to properly inspect, maintain and process its workplace, equipment, tools, and methods of performing job tasks, so that the same became hazardous to the safe operation of its employees;

(c). Failed to warn Plaintiff that there was a hazardous condition in his work area, a condition Defendant had notice of, and a dangerous condition that Defendant was on notice of prior to September 24, 2015, at or about 8:00 A.M.

(d). Failed to properly train the Plaintiff for the tasks that he was assigned, including changing the brake shoes on the private car that Defendant was responsible for maintaining;

(e). Negligently and carelessly failed to provide the Plaintiff with a safe, efficient and proper method to perform his work duties on September 24, 2015 at or about 8:00 A.M., including the task of changing brake shoes on the private car that Defendant was responsible for maintaining;

(f). Negligently and carelessly failed to warn Plaintiff of the unsafe conditions when timely warning would have averted injury to Plaintiff;

(g). Failed to properly adapt, install, implement, and enforce a safe method and procedure for the maintenance and repair of private railcars, including the private railcar that the Plaintiff was assigned to work at the time and place of the incident complained of;

(h). Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

12. Defendant's failure to provide Plaintiff, JONATHAN S. MILLER with a safe place to work and by one of the aforementioned acts or omissions caused, in whole or in part, Plaintiff's injuries.

13. As a consequence, Plaintiff, JONATHAN S. MILLER incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff JONATHAN S. MILLER has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, JONATHAN S. MILLER, has incurred medical, hospital, and related expenses and is reasonably certain to incur further medial, hospital and related expenses in the future.

WHEREFORE, the Plaintiff, JONATHAN S. MILLER, demands judgment in his favor and against Defendant AMTRAK, in a sum in excess of $100,000.00 plus the costs of this suit.

                                               Respectfully submitted,
                                               Jonathan S. Miller

                             By: _____
                                          Attorney for Plaintiff

James T. Foley
Ridge & Downes.
101 North Wacker Drive
Suite 200
Chicago, Illinois 60606
(312) 372-8282
(312) 372-8560
jfoley@ridgedownes.com